ANNIE COSTELLO, Administratrix, *vs.* JAMES KEELER.

PROVIDENCE—DECEMBER 2, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A. filed an application for a license to sell intoxicating liquors and, before the grant thereof, conveyed to B., with other property, all her right, title, and interest in and to the license. In making payment B. deducted from the total price the sum he paid to take out the license, and A. sued therefor :—

*Held,* that the clause in the conveyance relating to the license was merely a sale of her right to a license and not an agreement to pay for the same.

*Held,* further, that the most B. could claim was the right to have the license transferred to him.

PLAINTIFF'S petition for a new trial.

MATTESON, C. J. This is an action to recover money which the plaintiff claims to be entitled to for the stock, fixtures and furniture of a liquor saloon sold by her to the defendant. The bill of sale of the property contained a clause as follows: "And all my right, title and interest in and to a license to sell liquor at retail, from the license commissioners of the city of Providence, in said premises." At the the time of the sale, on May 11, 1897, application had been made by the plaintiff, in the name of her father, for a license to sell liquor at the saloon for the ensuing year, to date from the first day of that month, but a license had not then been granted. At the trial in the Common Pleas Division the court ruled, subject to the plaintiff's exception, that as the application for the license was made in behalf of the plaintiff and by her authority, she was bound, under the clause in the bill of sale which we have quoted, to pay for it, and was not entitled to recover from the defendant the $400 which it cost, and which had been deducted without her consent from the purchase money agreed to be paid to her. The clause purports to be merely a sale of the plaintiff's right, title and interest in and to a license. It does not purport to be an agreement to pay for a license, as held by the Common Pleas Division. We think that the most the defendant could claim under it would be to have the license issued or transferred to him. We think, therefore, that the construction put on the clause by the Common Pleas division was unwarranted, and that a new trial should be granted.

Plaintiff's petition for a new trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Franklin P. Owen,* for plaintiff.

*John M. Brennan and Dennis J. Holland,* for defendant.